## *In re* STERNBACH *et al.*

### (*Circuit Court, S. D. New York.* November 24, 1890.)

CUSTOMS DUTIES—RETURN OF BOARD OF GENERAL APPRAISERS.
   The return of the board of United States general appraisers, under section 15 of the act of June 10, 1890, entitled "An act to simplify the laws in relation to the collection of the revenues," should contain, in addition to the record and the evidence taken by them and their decision on the questions of law, a certified statement of the facts involved in the case; and it is the duty of the said board to pass upon the questions of fact raised by the protest of the importer.

At Law. Motion to order and direct the board of United States general appraisers to file a complete and full return in the above-entitled suit or proceeding.

On the 8th day of October, 1890, the petitioners H. Herrman Stern-bach & Co. filed a petition or application in the United States circuit court for the southern district of New York, in accordance with the provisions of section 15 of the act of June 10, 1890, setting forth that they were dissatisfied with the decision of said board of United States general appraisers as to the construction of the law and the facts respecting the classification of their imported merchandise, and the rate of duty imposed thereon. The errors of fact complained of were set forth in the protest and petition as follows:

"That the said goods were determined to be woolen cloths instead of manufactures of worsted, as in truth and fact they were; that the secretary has not seen the goods in question, and has never in fact classified them as woolen cloths or otherwise."

The alleged errors of law were as follows: That said goods when valued at above 40 cents per pound, and not exceeding 60 cents per pound, are liable to a duty of only 18 cents per pound and 35 per cent. *ad valorem;* and when valued at over 60 cents per pound, and not exceeding 80 cents per pound, are liable to a duty of only 24 cents per pound, and 35 per cent. *ad valorem*, under Schedule K, Act March 3, 1883. That the act of congress of May 9, 1890, entitled "An act to provide for the classification of worsted cloths as woolens," does not apply, because: (1) Said act was never passed according to law, in this: that no quorum was present in the house of representatives when said bill was certified to have been passed. (2) Said act was never passed according to law, and never became a law, because, when passed, a majority of the members of the house of representatives were not present in the house of representatives when said act was passed, and said bill was never declared to have been passed, or certified to have been passed, when a quorum was present in the house of representatives, and said act was declared by the speaker to have been passed, and was certified to have been passed, when it had not been passed, in violation of section 5 of article 1 of the constitution of the United States. (3) Because said act was not legally enacted, in this: that a quorum of the house of representatives did not vote upon said act. (4) That said act confers no power or authority upon the collector to assess and take duties upon said importations at the rate of 35 cents a pound, and 35 per cent. *ad valorem*. (5) That said act does not repeal any act imposing the pre-existing rate of duty on the importations here in question, nor impose any new duty thereon. (6) That said act does not and cannot operate to change the duty upon manufactures wholly or in part of worsted, and not in part of wool as provided for in the act of March 3, 1883. (7) That whether or not the secretary of the treasury has classified said goods as woolen goods does not alter the fact that they are manufactures of worsted, and dutiable accordingly.

Upon this petition, the court made an order that the board of appraisers return to this court "the record and the evidence heretofore taken by them, together with a certified statement of the facts involved in the case, and their decision thereon." The board of appraisers on November

7, 1890, filed their return in the United States circuit court, in compliance with said order, as follows:

"Pursuant to the order of your honorable court made on the 8th day of October, 1890, in the case above named, heretofore decided by this board, we hereby return to the said court the record in the said case, and the decision of the board made therein. The decision involving questions of law alone no evidence was required or taken by the said board in said cause."

Attached to this return were the documents received by said board from the collector of the port, including the protest of the importer, and a copy of the decision of said board made therein, and delivered to and filed with the collector of customs at the port of New York, as follows:

"Your action in assessing duty at the rate prescribed for woolen cloths on certain so-called worsteds imported in the vessels named, being in accordance with the provisions of Tariff Index, (New,) par. 362, and the act of May 9, 1890, and previous rulings of this board, is hereby affirmed."

After the filing of said return and record, counsel for the importers made a motion before the court that the said board make a further and full return, claiming that said board had not certified any statement of the facts involved in the case, as required by law, and particularly upon the two questions of fact set forth in the protest and petition, to-wit, "that the said goods are manufactures composed wholly or in part of worsted, not composed in part of wool," and "that, as matter of fact, the secretary of the treasury has not seen the goods covered by said entry, and has never in fact classified them for duty." The act of May 9, 1890, entitled "An act providing for the classification of worsted cloths as woolens" reads as follows:

"Be it enacted by the senate and house of representatives of the United States of America in congress assembled: That the secretary of the treasury be and he is hereby authorized and directed to classify, as woolen cloths, all imports of worsted cloth, whether known under the name of worsted cloth, or under the name of worsteds, or diagonals, or otherwise."

*Stanley, Clarke & Smith*, for the motion.

*Edward Mitchell*, U. S. Atty., and *Henry C. Platt*, Asst. U. S. Atty., *contra*.

LACOMBE, Circuit Judge. It seems to me that it would tend to the best practical interpretation of this statute to hold that the importer may raise issues of fact by his protest. That it is thereupon the duty of the appraisers to determine one way or the other as to the questions of fact thus raised, and, (when called upon to certify their return into court) to certify their decision on those questions of fact, which will thus be the certification of fact called for by the statute. That being so, an order may issue directing the return of this "return" to the board of general appraisers for the purpose of obtaining from them a certificate (1) as to whether the goods here are or are not worsteds; (2) whether the secretary of the treasury did or did not see the goods covered by the entries.

Order entered accordingly.

In pursuance of the foregoing order of the court, and on December 3, 1890, the board of United States general appraisers filed the following amended return:

"*To the Honorable Judge of the Circuit Court for the Southern District of New York:* The undersigned board of general appraisers, for further return to the order of said court, dated November 24, 1890, do hereby certify as follows: (1) They find that the protests of the several importers in said cases admit the fact that the manufactures in question are composed wholly or in part of worsted, and they assume this fact to be true for the purposes of this case. (2) They find that the goods are imported cloths. (3) There is no evidence before the board tending to prove that the secretary of the treasury ever saw the goods in question, covered by said entries, or that he ever actually or formally announced his judgment upon their classification. The board accordingly assumes as true, for the purposes of this case, that the said secretary never saw the said goods, nor formally classified them, nor otherwise acted in reference to the subject than by issuing the circular of May 13, 1890, contained in Synopsis No. 10,020 of Treasury Decisions, officially published."

Whereupon the importers, claiming the same to be insufficient, moved the court for a further return, because they did not find as to the fact whether the goods in question were or were not manufactures of worsted, and not composed in part of wool, as by said order they were required to do, and their assumption of the fact to be true for the purposes of this case would not authorize this court or the United States supreme court to so assume, and because their return as to the action of the secretary of the treasury was also incomplete and uncertain, and is not helped by their reference to the circular of May 13, 1890. This latter motion came on to be heard before LACOMBE, circuit judge, on December 22, 1890.

It was claimed by counsel for the importer that the return of the board of United States general appraisers furnished no sufficient record for review, either by the United States circuit court or by the United States supreme court, as there were no findings nor a certificate of facts contained in said return. The United States district attorney contended that, as the original return of the board of United States general appraisers certified that no evidence was taken, it was impossible for the board to certify any statement of facts involved in the case further than they had already done; that, when they had delivered their decision in the case to the collector of the port, their jurisdiction over it ended, and they had no power of their own motion to reopen the case and take further testimony, nor had the court any power to compel them to reopen the case to take further testimony; that section 15 of the act of June 10, 1890, provided a remedy for the importer in case he desired further evidence to be taken, by an application to the court to·"refer it to one of said general appraisers as an officer of the court to take and return to the court such further evidence as may be offered" under such rules as the court may prescribe, and such further evidence, with the aforesaid returns, shall constitute the record before the circuit court; that the proper remedy for the importer in a case ·like the one under consideration was

not to ask for a further or amended return, because the board of United States appraisers, not having taken any evidence, could make no further return in regard to the facts than they had already made, but to apply to the court for an order to refer it to one of said general appraisers as an officer of the court to take and return to the court such further evidence as might be offered by the importer, which, with the returns already filed, would then constitute the record upon which the circuit court should proceed to hear and determine the questions involved, as provided for in section 15 of the act of June 10, 1890.

After hearing full argument, the court made the following decision:

LACOMBE, Circuit Judge. The petitioners imported certain woven fabrics into this port, claiming that they were "manufactures composed wholly or in part of worsted, not composed in part of wool." By the tariff act of March 3, 1883, a lower rate of duty was imposed upon such fabrics than upon those composed wholly or in part of wool. The subsequent act of May 9, 1890, authorized and directed the secretary of the treasury to classify as woolen cloths all imports of worsted cloth. The collector liquidated the duty at the rate imposed by the tariff of 1883 upon woolen cloths. Dissatisfied with this decision, the importer filed his protest as provided in the administrative customs law of 1890, c. 407. By this, he claimed, among other things, that his goods were in fact "manufactures composed wholly or in part of worsted, not composed in part of wool;" and also that the secretary of the treasury never saw the goods covered by the entry, and never in fact classified them for duty. The protest, invoice, and other papers being transmitted to the board of general appraisers appointed under section 14 of the administrative act, it became their duty to examine and decide the case thus submitted, and their decision is by the statute made final and conclusive, except in cases where application is made to the circuit court in the manner provided by the act. Upon the case thus submitted, the board decided that "the collector's action in assessing duty at the rate prescribed for woolen cloth on certain so-called 'worsteds,' * * * being in accordance with the provisions of Tariff Ind. (New) par. 362, and the act of May 9, 1890, * * * is affirmed."

Application was duly made to this court, under the provisions of section 15, upon proper averments of dissatisfaction with the decision of the board of appraisers as to the construction of the law and the facts respecting the classification of the merchandise, and praying for "a review of the questions of law and fact involved in such decision." A concise statement of the errors of law and fact complained of was filed. In this it was stated that the errors of fact were "that said goods were determined to be woolen cloths, instead of manufactures of worsted, as in truth and fact they were;" and "that the secretary of the treasury has not seen the goods in question, and never in fact classified them as woolen cloths or otherwise." Upon these papers an order was heretofore made by this court directing the board of appraisers to return the record and evidence taken by them, together with a certified statement of the facts involved

v.44F.no.6—27

in the case and their decision thereon. In response thereto, return was made by the board of appraisers transmitting the record and their decision, *supra*. In lieu of any certified statement of the facts involved in the case, the return contained this clause: "The decision involving questions of law alone, no evidence was required or taken by the board in said cause." Thereupon an order was made by this court that the board of appraisers "make a further and complete return herein in which they shall certify to this court (1) whether the goods in question are or are not manufactures composed wholly or in part of worsted, not composed in part of wool; and (2) whether the secretary of the treasury did or did not see the goods covered by said entries, and whether or not he in fact classified said goods for duties." To this order further return has been made by the board as follows:

"(1) They find that the protests of the several importers in said cases admit the fact that the manufactures in question are composed wholly or in part of worsted, and they assume this fact to be true for the purposes of this case. (2) They find that the goods are imported cloths. (3) There is no evidence before the board tending to prove that the secretary of the treasury ever saw the goods in question, covered by said entries, or that he ever actually or formally announced his judgment upon their classification. The board accordingly assumes as true, for the purposes of this case, that the said secretary never saw the said goods, nor formally classified them, nor otherwise acted in reference to the subject than by issuing the circular of May 13, 1890, contained in Synopsis No. 10,020 of Treasury Decisions, officially published."

Petitioners thereupon have moved for a further return, on the ground that those already made are insufficient, and not in compliance with the requirements of the statute. This contention seems well founded. Under the claim made in the protest, the actual composition of these articles is a "fact involved in the case." Indeed, it is a most important fact, because if they are not worsted cloth the act of May 9th does not apply to them, and, if it should be held for any reason that said act was void, inoperative, or inapplicable, it could not be determined whether the duties were liquidated at the proper rate, unless it were known whether or not they were wholly worsted or wholly or partly wool. It seems to be the scheme of the statute that the board of general appraisers should certify into court not only such facts as it deemed controlling, but generally the "facts involved in the case" submitted to it upon the invoice, protest, and other papers. Sections 14, 15. The action of the secretary of the treasury is also a "fact involved in the case" thus made. If it should be held by the courts that the act of May 9, 1890, requires that officer to make a specific finding in each case after examination of the goods, his action or non-action in that regard might be a controlling fact. Inasmuch as both these questions of fact are brought into the case by the protest, there should be a certified statement thereof and of the decision of the board of appraisers thereon before the court can proceed to take further action, under section 15. Nor does such certification find its equivalent in the statement made by the board that the protests of the importers admit the fact that the manufactures in question are composed wholly or in part of worsted, and that they (the board) assume this fact to

be true for the purposes of this case. Neither the admissions of the importers nor the assumptions of the board bind the collector or the secretary of the treasury, whose decisions, in the absence of any finding either way, will, under a well-settled principle of law, be presumed to be correct. *Rankin* v. *Hoyt*, 4 How. 328. If the collector's decision that they should pay the higher duty can be sustained only on the theory that the goods are really woolen cloths, they will be presumed to be such, unless the contrary is found as a fact. If an examination of the goods is a necessary prerequisite to classification by the secretary of the treasury, it will be presumed that he made such examination, unless the contrary is found as a fact.

The provision in section 15 for the taking of additional evidence by a single appraiser, under order of the court, is intended, not to secure additional findings by the board, but to enable the importer or collector to controvert or to sustain the certifications of the board as to the facts involved in the case. The board of general appraisers is by the act constituted the tribunal to decide, in the first instance, "as to the construction of the law and facts respecting the classification of [the imported] merchandise," (section 15;) and issues not raised by the protest and decided by the board should not be brought into the case, for the first time, after it reaches the appellate tribunal, whose sole function seems to be "to hear and determine upon the record [*i. e.*, the returns of the board and the additional evidence, if any] the questions of law and fact involved in such decision, respecting the classification of such merchandise, and the rate of duty imposed thereon." Section 15. Therefore, unless the board decides a particular issue of fact, involved in the case presented to it, it might be that the importer or collector would be precluded from arguing the same issue in the appellate tribunal. The petitioner may take order for a completed return.